JS-6

1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| **Morning Star LLC**, a Nevada limited liability company; | Case No. 2:22-CV-04973-JVS (MARx) |
| | Honorable James V. Selna |
| Plaintiffs, | |
| vs. | **Final Judgment and Permanent Injunction** |
| **Keith B. Canter**, Trustee of The Canter Schoen Family Trust U/D/T March 17, 2015; and **Karen Elise Schoen**, Trustee of The Canter Schoen Family Trust U/D/T March 17, 2015; and DOES 1–50, inclusive. | |
| Defendants. | |
| **Keith B. Canter** and **Karen Elise Schoen**, Trustees of The Canter Schoen Family Trust U/T/D March 17, 2015; | |
| Counterclaim Plaintiffs, | |
| vs. | |
| **Morning Star LLC**, a Nevada limited liability company; et al**.** | |
| Counterclaim Defendants | |

24

25

26

27

28

1   Having considered the objections of the parties (Dkt. Nos. 204, 205), the

2   Court enters the following judgment.  Each parties' positions are reserved for

3   appeal.

4   **I.    JUDGMENT**

5   For the reasons set forth in the Court's Findings of Fact and Conclusions of

6   Law (Dkt. No. 201) dated April 25, 2024, the Court hereby enters **JUDGMENT**

7   in favor of Morning Star, LLC ("Morning Star") and against  Keith B. Canter,

8   Trustee of The Canter Schoen Family Trust U/D/T March 17, 2015; and Karen

9   Elise Schoen, Trustee of The Canter Schoen Family Trust U/D/T March 17, 2015

10  (collectively, "Trustees") with respect to the First and only cause of action in the

11  First Amended Complaint (Dkt. No. 15); namely, breach of Article II, Section 3 of

12  the Declaration of Restrictive Covenants for Tract No. 45585 recorded on August

13  24, 1994, in the official records of the County of Los Angeles, State of California,

14  as Document No. 94-1566821 (hereinafter, the "1994 Restrictive Covenant").

15  For the reasons set forth in this Court's orders with respect to the Motion for

16  Summary Judgment on Trustees' counterclaim (Dkt. Nos. 121, 134), the Court

17  hereby enters **JUDGMENT** against Morning Star, and in favor of Trustees with

18  respect to the First and only cause of action in the Counterclaim (Dkt. No. 48);

19  namely, breach of Article II, Section 2 of the 1994 Restrictive Covenant.  Prior to

20  trial, Trustees withdrew and dismissed their claim for monetary damages against

21  Morning Star stated in their Counterclaim.  Thus, Trustees shall take nothing on

22  any such claim for monetary damages.

23  The preliminary injunction previously issued in this action is hereby vacated.

24  **II.   PERMANENT INJUNCTION AGAINST TRUSTEES**

25  A.    Trustees, and their principals, officers, directors, members, partners,

26  agents, servants, employees, and attorneys, and all successor owners of 6362 Sea

27  Star Drive, Malibu, California (APN No. 4469-047-016) ("Lot 16"), and all other

28  persons acting in concert or participating with any of them (collectively, "Enjoined

Parties"), are hereby **PERMANENTLY ENJOINED** and shall:

      i.  immediately cease any and all occupancy, habitation, and use of any and all improvements greater than one story on Lot 16, including without limitation the second story bedroom unit located above the first story garage and any structures or improvements of any kind, size or type, associated therewith or appurtenant thereto, located on Lot 16 (the "Second Story Improvements");

      ii.  within 120 days of this Order, Trustees shall cause demolition and removal of the Second Story Improvements to be completed, and upon application by any party, the Court may appoint a neutral inspector to ensure the premises are in compliance with the Court's Order;

      iii. the Second Story Improvements must be demolished and removed from Lot 16 in their entirety, and Trustees shall not satisfy the orders contained herein by converting, redefining, or reclassifying the Second Story Improvements, including the second story bedroom unit located above the first story garage, to a first story structure, including by removing, modifying, or reclassifying the improvements located beneath the Second Story Improvements;

      iv. this injunction shall remain in effect as to all parties, their successors and assigns until modified or vacated upon a showing of changed circumstances or full satisfaction of the terms of this injunction.

### III.  PERMANENT INJUNCTION AGAINST MORNING STAR

    A.  Morning Star and its members, agents, representatives and all those acting on behalf of or in concert with it, including but not limited to Patrick Farshad Nazemi, or any successor-in-interest is hereby **PERMANENTLY ENJOINED** and shall, within 60 days of the date that this Judgment becomes final, submit a plan to the City of Malibu which includes the removal of all fencing, barriers, or landscaping in the northerly 10 feet of Lot 17 and which in all other respects complies with the terms of the 1994 Restrictive Covenant.  Morning Star or any successor-in-interest shall thereafter act expeditiously to obtain

1   approval of such plan and to perform the required work necessary to bring the

2   fencing, barriers, and landscaping in conformity with the terms of Article II,

3   Section 2 of the 1994 Restrictive Covenant.

4         i.  this injunction shall remain in effect as to all parties, their successors

5   and assigns until modified or vacated upon a showing of changed circumstances or

6   full satisfaction of the terms of this injunction.

7   **IV.  REPORTING REQUIREMENT**

8        Trustees and Morning Star shall file with the Court, within thirty (30) days

9   after service of this Judgment, and every thirty (30) days thereafter, until such time

10   as the requirements of the Judgment have been fully satisfied, a joint status report

11   in writing under oath setting forth in detail the manner and form in which Trustees

12   and Morning Star are complying with this Permanent Injunction.

13   **V.  RETENTION OF JURISDICTION**

14        This Court shall retain jurisdiction of this matter in law and equity for

15   purposes of enforcing and/or adjudicating claims of violations of this Judgment

16   and Permanent Injunctions.

17   **VI.  DOE DEFENDANTS**

18        The Doe Defendants 1-50 are hereby dismissed without prejudice.

19   **VII.  RETURN OF BOND**

20        The $50,000 cash bond posted by Morning Star in connection with the

21   Preliminary Injunction issued by this Court shall be returned to Morning Star.

22   **VIII. ATTORNEYS' FEES**

23        The Court orders Morning Star and Trustees to file simultaneous opening

24   briefs on the issue as to the identity of the prevailing party(ies) for purposes of the

25   attorneys' fee provision of the 1994 Restrictive Covenant and the amount of any

26   such award.  The opening briefs shall be filed simultaneously on June 14, 2024.

27   Each party's reply brief shall be filed simultaneously on June 28, 2024.

28

1        The opening and reply briefs shall be no more than 12 pages each, excluding

2   purely evidentiary attachments and declarations.

3

4        **IT IS SO ORDERED.**

5

6   Dated: May 30, 2024

7                                                    JAMES V. SELNA

8                                                    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28