UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Morning Star LLC**, a Nevada limited liability company;<br><br>      Plaintiffs,<br><br>      vs.<br>**Keith B. Canter**, Trustee of The Canter Schoen Family Trust U/D/T March 17, 2015; and **Karen Elise Schoen**, Trustee of The Canter Schoen Family Trust U/D/T March 17, 2015; and DOES 1–50, inclusive.<br><br>      Defendants. | Case No. 2:22-CV-04973-JVS (MARx)<br>Honorable James V. Selna<br><br>**Amended Final Judgment and Permanent Injunction** |
| **Keith B. Canter** and **Karen Elise Schoen**, Trustees of The Canter Schoen Family Trust U/T/D March 17, 2015;<br><br>      Counterclaim Plaintiffs,<br>      vs.<br>**Morning Star LLC**, a Nevada limited liability company; et al.<br>      Counterclaim Defendants | |

Having considered the objections of the parties (Dkt. Nos. 204, 205) and the Ninth Circuit's ruling, <u>Morning Star, LLC v. Canter</u> ("Ninth Circuit Order"), No. 24-4053, 2025 WL 2693728, at *1 (9th Cir. Sept. 22, 2025), the Court enters the following amended judgment.  Each parties' positions are preserved for appeal.

## I.   JUDGMENT

For the reasons set forth in the Court's Findings of Fact and Conclusions of Law (<u>Dkt. No. 201</u>) dated April 25, 2024, the Court hereby enters **JUDGMENT** in favor of Morning Star, LLC ("Morning Star") and against Keith B. Canter, Trustee of The Canter Schoen Family Trust U/D/T March 17, 2015; and Karen Elise Schoen, Trustee of The Canter Schoen Family Trust U/D/T March 17, 2015 (collectively, "Trustees") with respect to the First and only cause of action in the First Amended Complaint (<u>Dkt. No. 15</u>); namely, breach of Article II, Section 3 of the Declaration of Restrictive Covenants for Tract No. 45585 recorded on August 24, 1994, in the official records of the County of Los Angeles, State of California, as Document No. 94-1566821 (hereinafter, the "1994 Restrictive Covenant").

For the reasons set forth in this Court's orders with respect to the Motion for Summary Judgment on Trustees' counterclaim (Dkt. Nos. 121, 134), the Court hereby enters **JUDGMENT** against Morning Star, and in favor of Trustees with respect to the First and only cause of action in the Counterclaim (<u>Dkt. No. 48</u>); namely, breach of Article II, Section 2 of the 1994 Restrictive Covenant.  Prior to trial, Trustees withdrew and dismissed their claim for monetary damages against Morning Star stated in their Counterclaim.  Thus, Trustees shall take nothing on any such claim for monetary damages.

The preliminary injunction previously issued in this action is hereby vacated.

## II.   PERMANENT INJUNCTION AGAINST TRUSTEES

A.        Trustees, and their principals, officers, directors, members, partners, agents, servants, employees, and attorneys, and all successor owners of 6362 Sea Star Drive, Malibu, California (APN No. 4469-047-016) ("Lot 16"), and all other persons

–2–

**Amended Judgment and Permanent Injunction**

acting in concert or participating with any of them (collectively, "Enjoined Parties"), are hereby **PERMANENTLY ENJOINED** and shall:

      i.    immediately cease any and all occupancy, habitation, and use of any and all improvements greater than one story on Lot 16, including without limitation the second story bedroom unit located above the first story garage and any structures or improvements of any kind, size or type, associated therewith or appurtenant thereto, located on Lot 16 (the "Second Story Improvements");

      ii.    within 120 days of this Order, Trustees shall cause demolition and removal of the Second Story Improvements to be completed, and upon application by any party, the Court may appoint a neutral inspector to ensure the premises are in compliance with the Court's Order;

      iii.    the Second Story Improvements must be demolished and removed from Lot 16 in their entirety, and Trustees shall not satisfy the orders contained herein by converting, redefining, or reclassifying the Second Story Improvements, including the second story bedroom unit located above the first story garage, to a first story structure, including by removing, modifying, or reclassifying the improvements located beneath the Second Story Improvements.

B.    The Court finds that Trustees are in compliance as of March 2026 and therefore vacates this portion (Section II(A)(i)) of the permanent injunction.  (See Declaration of Keith B. Canter, March 31, 2026 ("Canter Decl. Mar. 31, 2026"), Dkt. No. 303, ¶ ¶ 3-7, Ex. 1.)  However, the Court retains jurisdiction to ensure continued compliance.

## III.  PERMANENT INJUNCTION AGAINST MORNING STAR

A.    Morning Star and its members, agents, representatives and all those acting on behalf of or in concert with it, including but not limited to Patrick Farshad Nazemi, or any successor-in-interest ("Enjoined Morning Star Parties") are hereby **PERMANENTLY ENJOINED** and shall, within 30 days of the date that this Amended Judgment cause any and all fencing, barriers, or landscaping in the

northerly 10 feet of Lot 17 not to exceed in height 2 feet above the highest point of the foundation on Lot 16. Where segments of the foundation are at different levels, the restriction shall apply separately to each segment: front yard +143; east of the front yard to the rear of the property: +152. On January 15 and July 15 of each year, the Enjoined Morning Star Parties shall inspect the area for compliance, and if the area is not in compliance, shall bring it into compliance within ten days. The Court finds that a single height restriction applied to each segment of the foundation is the most practical benchmark for compliance and enforcement and is responsive to the concerns of the Ninth Circuit. (See Ninth Circuit Order at *2.) If a permit from the City of Malibu is required to carry out the work ordered in this paragraph, the Enjoined Morning Star Parties shall act expeditiously to obtain approval of such plan and shall perform the required work necessary to bring the fencing, barriers, and landscaping in conformity with the terms of Article II, Section 2 of the 1994 Restrictive Covenant.

       i.     this injunction shall remain in effect as to all parties, their successors and assigns until modified or vacated upon a showing of changed circumstances or full satisfaction of the terms of this injunction.

## IV. REPORTING REQUIREMENT

Trustees and Morning Star shall file with the Court, within thirty (30) days after service of this Judgment, and every thirty (30) days thereafter, until such time as the requirements of the Judgment have been fully satisfied, a joint status report in writing under oath setting forth in detail the manner and form in which Trustees and Morning Star are complying with this Permanent Injunction.

## V. RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter in law and equity for purposes of enforcing and/or adjudicating claims of violations of this Amended Judgment and Permanent Injunctions.

## VI. DOE DEFENDANTS

The Doe Defendants 1-50 are hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: May 11, 2026

JAMES V. SELNA

UNITED STATES DISTRICT JUDGE

Amended Judgment and Permanent Injunction